UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

GAMECHEST, LLC

          Debtor.

_____/

Case No. 3:25-bk-00215-JAB
Chapter 11
*SubChapter V*

**DECLARATION OF HOANGLONG LY IN SUPPORT OF
CHAPTER 11 PETITION AND FIRST-DAY MOTIONS**

I, Hoanglong Ly, being duly sworn, deposes and says:

1.    I am the sole Member and Manager of Gamechest, LLC ("Gamechest" or the "Debtor"), the above-captioned debtor, and debtor-in-possession.

2.    In my capacity as Manager, I am involved in and/or oversee all financial and other aspects of the Debtor's affairs, including business operations, strategic planning, financial reporting, human resources, legal affairs, and other management activities.

3.    I have personal knowledge of, and am familiar with, the business affairs, day-to-day operations, books and records, and financial condition of the Debtor, and I am authorized to submit this Declaration on behalf of the Debtor in support of the Debtor's Chapter 11 petition and the first-day pleadings described herein.

4.    On January 23, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

5.    The Debtor has filed or anticipate filing the following motions (collectively, the "First-Day Motions"):

    a.  Debtor-in-Possession's Motion for Turnover (the "Turnover Motion");

    b.  Debtor-in-Possession's Motion for Order Authorizing Use of Cash Collateral (the "Cash Collateral Motion").

6. Additionally, the Debtor will be filing applications seeking authorization for the Debtor to retain certain professionals in connection with this Case.

7. I am submitting this Declaration in support of the Debtor's Chapter 11 petition and First-Day Motions. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, my opinion based on upon my experience and knowledge of the Debtor's operation and financial condition, and information provided to me by management, advisors, employees, or other representatives of the Debtor. If I were called as a witness, I would testify consistently with the facts set forth in this Declaration.

8. The Declaration provides an overview of the Debtor and the circumstances leading to the commencement of this Chapter 11 case. Section I of this Declaration provides an overview of the Debtor's operations and capital structure. Section II recounts the events preceding the bankruptcy filings. Section III affirms and incorporates the facts that support the relief requested in the First-Day Motions.

**I.    Overview of the Debtor's Business.**

    **A.    Description of the Debtor's Operations.**

9. The Debtor's primary business is the operation of a retail online video game store on various online platforms, including Walmart and Amazon. The Debtor focuses on Nintendo gaming system products and purchases from authorized Nintendo distributors then sells direct to consumers through its online platforms.

    **B.    Organizational Structure of the Debtor.**

10. Debtor is a limited liability company formed and organized under the laws of the State of Florida.

C.  **The Debtor's Pre-petition Capital Structure.**

11. The Debtor has financed its operations on a cash basis and via business credit cards. The Debtor has 1 pre-petition merchant cash advance entity, Wayflyer Financial, LLC and 1 pre-petition lender, Huntington Valley Bank, that have a liens on the Debtor's cash and receivables (collectively the "Cash Collateral Lenders"). The Debtor relies on current revenues to fund its operations.

II.  **Events Leading to Chapter 11.**

12. The Debtor has become overwhelmed primarily with a reduction in revenue and trade debt and high interest loan payments including payments to its Cash Collateral Lenders. The Debtor's approximate outstanding balances owed to its Cash Collateral Lenders are as follows: Wayflyer ($584,247.50), Huntington ($0.00).

13. Apart from the Cash Collateral Lenders, the Debtor also has several vendors and service providers which it struggles to remain current with, and other unsecured debt which it unable to pay.

III.  **Facts in Support of First-Day Motions.**

14. The Debtor has filed the First-Day Motions. The Debtor requests that each of the First-Day Motions described below be granted, as each constitutes a critical element in ensuring a successful outcome for the Debtor and its estate in this Chapter 11 case.

A.  **Turnover Motion**.

15. Prior to the Petition Date, the Debtor had maintained an active seller account on Amazon.com (the "Seller Account"), consistent with the terms of the parties executed Business Solutions Agreement.

16. As part of its use of the Seller Account, the Debtor would utilize Amazon.com's merchant processing services to store video game inventory at Amazon.com's physical distribution centers.

17. In this regard, when Debtor's customers made purchases on its Seller Account, the transactions would be processed by Amazon.com, then the funds would be transferred to the Debtor's bank account.

18. On October 10, 2024, the debtor received notification from amazon.com that it was deactivating the seller account due to an alleged violation of the Business Solutions Agreement. *A true and correct copy of the correspondence dated October 10, 2024, is attached here two as exhibit A*.

19. As an alleged basis for the deactivation of the Seller Account, Amazon.com claim that the Debtor was selling international versions of various video game products that were not authorized for sale in the United States.

20. Debtor disputed these allegations and pursuant to the notification scheduled a formal interview verification appointment.

21. However, despite appearing at the verification appointment and providing proof of sourcing of the various products, Amazon.com has refused to reactivate Debtor's Seller Account.

22. Further, Amazon.com has frozen the funds payable to the Debtor via its merchant processing services and has refused to release the inventory at its distribution facilities.

23. Amazon.com is currently holding approximately $400,000 in funds that have been processed from Debtor's video game sales and approximately $2 million in video game

inventory. The Debtor is in need of the funds for operation of its business and the inventory to sell to generate income.

24. For these reasons, I believe that the relief sought in the Turnover Motion should be granted.

**B.     Cash Collateral Motion.**

25. Prior to the Petition Date, the Debtor has two Cash Collateral Lenders with liens on cash collateral. The Debtor reserves the right to challenge the extent and priority of any of the Cash Collateral Lenders' liens on any property and cash collateral.

26. The Debtor has filed this case to restructure its debt and pursue a small business Chapter 11 reorganization plan.

27. The Debtor primarily generates income from its online video game sales. At the time of filing, the Debtor had a total balance of approximately $8,707.05 in its Operating Accounts the business generates approximate gross receipts of $462,000 - $700,000 per month (all collectively, the "Cash Collateral").

28. The Debtor requires the use of cash collateral to fund all necessary operating expenses of the Debtor's business.

29. The Debtor will suffer immediate and irreparable harm if it is not authorized to use cash collateral to fund the expenses set forth in the Budget. Absent such authorization, the Debtor will not be able to maintain and protect its business.

30. The Debtor proposes to use the Cash Collateral in accordance with the terms of the Budget attached to its Motion for Authority to Use Cash Collateral as Exhibit "A." The Debtor also requests that it be authorized: (i) to exceed any line item on the budget by an amount up to ten (10) percent of each such line item; or (ii) to exceed any line item by more than ten (10)

percent so long as the total of all amounts in excess of all line items for the Budget do not exceed ten (10) percent in the aggregate of the total budget.

31. The Debtor is prepared to offer adequate protection to the Cash Collateral Lenders in the form of a replacement lien on the Debtor's receivables and the Debtor's projected positive cash flow.

## Conclusion

32. For all of the foregoing reasons, I respectfully request that the Bankruptcy Court grant the relief requested in the First-Day Motions. I reserve the right to supplement and/or amend this Declaration with testimony and/or exhibits.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and current to the best of my knowledge and belief.

Date: January 27, 2025          *s/ Hoanglong Ly\**
                                Hoanglong Ly
                                Manager

*original signature page attached*

percent so long as the total of all amounts in excess of all line items for the Budget do not exceed ten (10) percent in the aggregate of the total budget.

31. The Debtor is prepared to offer adequate protection to the Cash Collateral Lenders in the form of a replacement lien on the Debtor's receivables and the Debtor's projected positive cash flow.

### Conclusion

32. For all of the foregoing reasons, I respectfully request that the Bankruptcy Court grant the relief requested in the First-Day Motions. I reserve the right to supplement and/or amend this Declaration with testimony and/or exhibits.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and current to the best of my knowledge and belief.

Date: January 27, 2025

Hoanglong Ly
Manager